By thu Court.'
Whatever the power may be of a court, or a judge sitting at chambers, and whether that power be inherent or conferred by section 5639, Revised Statutes, to punish summarily for contempt, persons guilty of misbehavior in the. presence of or so near the judge or court as to obstruct the administration of justice, the authority thus conferred does not include the power to punish as for a contempt, the disobedience of orders like the one under consideration. The authority to enforce orders of that character by summary proceedings is conferred by section 5640, Revised Statutes; and that section, as well as the eight succeeding sections of the chapter of the code relating to proceedings in contempt, all contemplate that the power shall be exercised by the court and not by the judges thereof, sitting at chambers.
The judges, therefore, sitting at chambers, were without jurisdiction in the premises, and the motion to dismiss the proceedings should have been sustained.
This summary jurisdiction given by section 5640, Revised Statutes, is clearly distinguishable from the authority of judges sitting at chambers in matters of equitable cognizance, as recognized by this court in Cincinnati, Sandusky & Cleveland Railroad Company v. Sloan, 31 Ohio St. 1,

Judgment reversed and proceedings dismissed.